LoriNCt, J.,
dissenting:
The joint resolution of July 2,1884, certainly referred back to this court only the suit which this court had before reported to Congress, for there was nothing else to send back here.
But I think the resolution had a much wider purpose and effect, and that it waived for the United States the defect in the assignment, which it termed a u technical defect,” so as to purge the assignment of that defect altogether, and for all purposes, and make it a valid and efficient instrument; and that it recognized and admitted the title of the claimant (his equitable ownership being found here) as assignee of the lease, and entitled to the rent reserved in it, on the condition of his securing *93 the United States against all claims on the lease by the heirs or representatives of Daniel Saffarans, the assignor. And this has been done.
The evidence that the waiver of the defect was not merely for the suit, but for the whole lease, and that the petitioner was recognized as the assignee and owner oUthe whole lease, is, that he was required to secure the United States against all claims of the heirs and representatives of Saffarans on the lease; so that the security covered the whole lease, and not merely the suit referred. Then the reason for waiving the defect — that it was technical — goes to the whole lease, and not to a part of it.
The petition filed by the claimant when the cause was heard here under the resolution was merely auxiliary-to that, and, according to the practice here, it was confined to the cause of action so referred back, which was all that could be heard under the resolution. And for the rest of the suit, accruing after the commencement of that suit, and not included iu it, the petitioner had a right to sue at any time within the statute of limitations.
I think the petitioner is entitled to judgment.